Paul Buchanan, OSB No. 940551
paul@baaslaw.com
Buchanan Angeli Altschul & Sullivan LLP
321 SW Fourth Avenue, Suite 600
Portland, OR  97204
Phone:  503-974-5015
Facsimile:  971-230-0337

      Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FRED OVCHINNIKOV**,<br><br>      Plaintiff,<br><br>v.<br><br>**CONTECH CONSTRUCTION PRODUCTS, INC.,** an Ohio foreign business corporation,<br><br>      Defendant. | Civil No. 07-1482-PK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE ACTION** |

## I.    INTRODUCTION

    This case settled in July after plaintiff's counsel, Matthew Duckworth, telephoned counsel for defendant, Paul Buchanan, on July 16, 2008 and indicated that plaintiff would accept the $15,000 settlement offer that defendant had previously extended.  Plaintiff's counsel followed up with specific requests regarding the allocation of the payment (as between attorneys' fees, wages and emotional distress damages), and the terms were confirmed in email exchanges between counsel for the parties. Mr. Buchanan subsequently sent Mr. Duckworth a final form of settlement agreement that further

Page 1  -  **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE ACTION**

memorialized the terms of agreement. Mr. Duckworth responded by email that "the agreement looks good." He then called the Court to advise the Court of settlement, and followed up in an email, copying Mr. Buchanan, stating "this case has been resolved."

Almost six weeks later, plaintiff apparently decided to change his mind. However, plaintiff has not articulated any viable legal theory that would allow him to rescind what was plainly an enforceable contract. Nor has he made any showing of "good cause" for setting aside the dismissal as required by this Court's July 18 Order of Dismissal which was issued after Mr. Duckworth notified the Court of the settlement. For these reasons, defendant respectfully requests that the Court decline to set aside dismissal of this case.

## II.     FACTUAL BACKGROUND

This case was originally filed on October 4, 2007. The parties conducted extensive discovery and maintained an on-going dialogue regarding potential resolution. (*See* Declaration of Paul Buchanan, ¶ 2, hereafter "Buchanan Decl.".) Discussion of settlement intensified somewhat as the July 11, 2008 deadline for defendant's Motion for Summary Judgment came near. Because the parties appeared to be close to a resolution, defendant sought, and plaintiff agreed, to a one-week extension of the dispositive motion deadline. That motion was granted and the new dispositive motion deadline was set for July 18, 2008. (*Id.*)

However, at a certain point in the settlement discussions both plaintiff and defendant refused to move from their final numbers and it began to appear that the case would not settle in advance of the summary judgment motion deadline. Defendant indicated that its final offer of settlement was $15,000, which plaintiff indicated was not agreeable. As a result, during the week of July 14, counsel for defendant was focusing on preparing defendant's Motion for Summary Judgment. However, on July 16, 2008 at approximately 9:30 a.m., Mr. Duckworth called Mr. Buchanan and stated that

Page 2 -   **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE
            ORDER OF DISMISSAL AND REINSTATE ACTION**

plaintiff would accept the $15,000.  (*Id.*)  After confirming with his client that the $15,000 offer was still on the table notwithstanding the fact that substantial fees had been spent on preparing the Motion for Summary Judgment, Mr. Buchanan emailed plaintiff's counsel at 11:12 a.m. that morning stating:

> "Matt,
>
> This will confirm that Contech will agree to settlement on the following essential terms:
>
> - Contech will pay $15,000 (fifteen thousand dollars) in full settlement of this case.
> - The settlement will be made in two checks, one to your offices for $5,000 and one to Mr. Ovchinnikov for $10,000.  The payment to Mr. Ovchinnikov shall be subject to withholdings.
> - Ovchinnikov will sign a full release of all claims against Contech and its agents.
> - Ovchinnikov will agree to strict confidentiality regarding the settlement and will take steps to ensure that his spouse maintains the confidentiality of the settlement.
> - Ovchinnikov will cooperate in promptly dismissing the litigation that is pending with prejudice and without fees or costs to either party.
>
> Please confirm that plaintiff agrees to these terms and I will get started on preparing a form of settlement agreement today and will try to get that to you no later than tomorrow so we can facilitate a prompt finalization and payment.
>
> Thanks for your cooperation and professionalism throughout this case.  –Paul"

(Buchanan Decl., Ex. A.)

Plaintiff's counsel responded approximately half an hour later stating:

> "Paul,
>
> Thank you for your response.  One issue regarding withholding.  The complaint alleged $200,000 in economic loss and $400,000 in emotional distress.  Further, his doctor took him off of work February 7, 2007, so his lost wages were potentially less than $2,000.  Given the ratio in the complaint, the potentially small economic recovery, and the real emotional distress that Ovchinnikov has suffered, I believe designating no more than $1,000 toward wages is more appropriate and better reflects the economic reality of this settlement.  To keep him on board I need as close to $10,000 in his pocket as I can get.
>
> Thanks.  Matt"

Page 3   -   **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE ACTION**

(Buchanan Decl., Ex. B.) Approximately 15 minutes later, counsel for defendant responded with the following message: "Matt, I'll talk to the client, this might well be okay. I'll get back to you. –Paul" (Buchanan Decl., Ex. C).

On Friday July 18, 2008 Mr. Buchanan emailed again indicating that there was agreement on plaintiff's request that only $1,000 of the settlement be designated as wages. (Buchanan Decl., Ex. D.) That email also attached a final form of settlement agreement and stated "please let me know if this form is acceptable to you." (*Id.*) Mr. Duckworth responded that afternoon saying "[t]he agreement looks good," and addressing the issue of who should "call the court to report the settlement . . . ." (Buchanan Decl., Ex. E.) Plaintiff's counsel proceeded to call the Court to advise the Court of the settlement and followed that call with an email, copying counsel for defendant, stating: "Dear Mr. Magnuson, As I told you in our phone call, pursuant to LP 41.1, this case has been resolved." (Buchanan Decl., Ex. F.) Later that afternoon this Court issued a minute order stating: "The Court having been informed by counsel for the parties that this action has been settled, it is Ordered that this action is Dismissed with prejudice and without costs and with leave, upon good cause within sixty (60) days, to have this order of dismissal set aside . . . ."

After hearing nothing further from plaintiff's counsel for several weeks, Mr. Buchanan's legal assistant, Jean Crown, called Mr. Duckworth on August 6, 2008 to inquire about the status of the signed agreement. (Buchanan Decl., Ex. G.) Ms. Crown spoke with Mr. Duckworth who indicated that his client had the agreement in his possession but had not yet signed it. Mr. Duckworth indicated that he would call Mr. Buchanan if he concludes that the settlement "is going south." (*Id.*) On August 21, 2008, plaintiff's counsel informed Mr. Buchanan that plaintiff would not go through with the settlement. Mr. Buchanan stated that the parties already had an enforceable agreement and

followed up with a letter dated August 22, 2008 summarizing the basis for this position. (Buchanan Decl., Ex. H.)

On September 12, 2008, plaintiff moved the Court to set aside the order dismissing this action. As discussed below, an enforceable settlement agreement already exists based on the July communications between counsel for the parties, and plaintiff has not shown good cause to set aside the Court's order of dismissal.

### III. ARGUMENT

#### A. Through Their Counsel the Parties Reached a Binding, Enforceable Contract.

The question of whether a contract exists is a question of law subject to Oregon's rules of contract construction. "Oregon subscribes to an objective theory of contracts, which means that whether the parties entered into a contract does not depend on the parties having the same subjective understanding of the agreement. Rather, it depends on whether the parties agreed to the same express terms of the contract." *Baldwin v. Baldwin*, 215 Or. App. 203, 207 (2007). To determine whether a valid contract exists, the Court must examine the "objective manifestations of the parties as evidenced by their communications and acts . . . ." *Kaiser Foundation Health Plan v. Doe*, 136 Or. App. 566, 572 (1995).

The objective evidence here makes clear that the parties agreed to the terms of settlement. Just as defendant could not rescind its agreement to pay $15,000, plaintiff cannot rescind his agreement to dismiss this case. The correspondence establishes that there was agreement on the terms set forth in Mr. Buchanan's July 16, 2008 email of 11:12 a.m., as slightly modified in the subsequent brief email exchanges regarding the proper allocation of the wages and non-wages component of the settlement. (Exs. A-B.) That agreement included the express provision that

plaintiff would provide "a full release of all claims against Contech and its agents," as well as all other essential terms of settlement. (Ex. A.)

Moreover, there was also agreement on the final form of agreement itself, as made clear in the July 18 email exchanges between counsel in which Mr. Buchanan sent the form of agreement to Mr. Duckworth and Mr. Duckworth responded by saying, "the agreement looks good." (Ex. E.) This was further underscored by Mr. Duckworth's subsequent call and email to the Court confirming that the case had been resolved. (Ex. F.)

The *Baldwin* case, which also involved enforcement of a settlement that was negotiated and memorialized largely in emails between counsel for the parties, is instructive here. In *Baldwin*, the court rejected the plaintiff's attempt to repudiate a settlement. The court determined that the "exchange of emails between the parties' attorneys constituted the making of a contract," because the exchange "demonstrated the requisite agreement on the same essential terms of the settlement." 215 Or. App. at 207. The court rejected the contention that there could not be an enforceable agreement without a signed settlement agreement, noting that:

> The lack of a signed agreement is not dispositive; '[w]hen parties agree on the essential terms of a contract and there is nothing left for future negotiations, the fact that they also intended there to be a future writing that expresses their agreement more formally does not affect the immediately binding nature of their agreement.'" (quoting *Hughes v. Misar*, 189 Or. App.. 258, 264 (2003)).

In this case, an enforceable contract was created as of the date the parties agreed to its express terms. "Where attorneys reached agreement on the essential terms of a settlement and the defendant accepted those terms, the defendant's acceptance was sufficient to make the settlement immediately binding." *Kaiser*, 136 Or. App. at 571-572. *See also, Emami v. Newnes Machine Inc.*, 1998 WL 426142 (D. Or. 1998) (finding that the parties had an enforceable settlement of an employment

Page 6 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE ACTION**

litigation case where the attorneys for the parties had indicated agreement and defense counsel had provided plaintiff's counsel with a form of agreement).

>    B.    **Plaintiff Cannot Repudiate a Contract Six Weeks After Agreement When All Essential Terms Were Expressly Included and Agreed Upon.**

Plaintiff states that he has now decided not to accept the agreement. He claims that he did not realize he would be giving up his right to pursue his claims under §§ 503 and 504 of the Vocational Rehabilitation Act, the Americans with Disabilities Act, O.R.S chapter 654, and O.R.S. chapter 659A.100 *et seq*. However, plaintiff agreed that he would "sign a full release of all claims against Contech and its agents." (Exs. A-B.) Whether the agreement recites these particular statutes or not is irrelevant as all claims would be encompassed in a "full release of all claims." In addition, plaintiff's counsel indicated in writing that the form of agreement that specifically referenced these statutes "looked good," and he subsequently advised the Court by phone and in writing that the case was settled.

Plaintiff asserts that the parties had not agreed on all essential terms, however, the email exchanges between counsel for the parties make clear that this is not the case. All essential terms were agreed upon on July 16 in the email exchanges between counsel. And the final form of agreement was agreed upon in the email exchange of July 18. There was nothing more to be agreed upon. Moreover, it is absurd to suppose that the agreement being negotiated between the parties would not include claims under the ADA and Oregon parallel state law, when those were the primary statutory claims in the case that was being settled.

>    C.    **Plaintiff Has Failed to Show "Good Cause" to Set Aside Dismissal.**

Plaintiff has failed to articulate any "good cause" to set aside the dismissal as required by the Court's July 18, 2008 order. He was represented by experienced and able counsel who had reviewed and indicated approval of the form of settlement agreement. The assertion by plaintiff six weeks after

receiving the settlement agreement that he did not understand that it would contain a release of all claims is not "good cause" under any standard. Thus, defendant respectfully requests that the Court deny plaintiff's request to set aside the order of dismissal.

## CONCLUSION

For all of the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's Motion to Set Aside Dismissal and Reinstate Action.

DATED: September 26, 2008

>BUCHANAN ANGELI ALTSCHUL
>& SULLIVAN LLP
>
>*s/ Paul Buchanan*
>Paul Buchanan, OSB No. 940551
>Telephone: (503) 974-5015
>
>Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE ACTION** on the following named person on the date indicated below in the manner indicated:

- ☐ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☐ email
- ☒ notice of electronic filing using the CM/ECF system
- ☐ concurrently electronically mailing this document in Word format to each attorney's last-known e-mail address on the date set forth below

> Mr. Matthew B. Duckworth
> Busse & Hunt
> 521 American Bank Building
> 621 SW Morrison St.
> Portland, OR 97205
>
> Attorney for Plaintiff

DATED: September 26, 2008.

> BUCHANAN ANGELI ALTSCHUL
> & SULLIVAN LLP
>
> *s/ Paul Buchanan*
> Paul Buchanan, OSB No. 940551
> Telephone: (503) 294-5015
>
> Attorneys for Defendant

Page 1   -   **CERTIFICATE OF SERVICE**